[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO ENJOIN (#102) AND MOTION FOR TEMPORARY CHILD SUPPORT (#103), MOTION FOR CUSTODY AND VISITATION (#104), MOTION FOR EXCLUSIVE POSSESSION (#105) AND MOTION FOR ORDER (#106)
1. TEMPORARY INJUNCTION: Denied.
 The defendant failed to prove that plaintiff's renovations had caused actual or serious damage to the jointly owned marital home as required by Doublewal v. Toffolon, 195 Conn. 384, 392
(1985). The testimony of a realtor, which the court found credible, was that the renovations made by the plaintiff to convert the basement room into a home office did not devalue the home. The plaintiff is not prohibited by this court from completing the basement room for an office use; however, the plaintiff acts at her own peril. In any event, the defendant may still pursue the issue of damages at the final dissolution hearing at which time the court may consider any damages that may have been caused and frame its financial orders accordingly.
2. TEMPORARY ALIMONY (MOTION FOR ORDER): From the affidavits filed, the court finds the defendant's net annual income to be approximately $40,000.00 ($773.00 net weekly). Based on said finding, the court orders the defendant to pay alimony pendente lite of $750.00 per month.
3. TEMPORARY CHILD SUPPORT: The court finds that the combined weekly income of the parties exceed the Child Support Guidelines. Plaintiff's net weekly income is $1,121.98, defendant's is $773.00 for a combined net weekly income of $2,894.98. Based on the needs of the nine and a half year old child, the court orders the defendant (the noncustodial parent) to pay $750.00 a month temporary child support finding that it is in the best interests of the child.
4. MOTION FOR CUSTODY AND VISITATION: By agreement, the court grants joint legal custody of the minor child Rachel (nine and a half years of age) to both parties with physical custody to the plaintiff mother. The visitation of the child with the defendant father shall continue as it has been since the parties separated as follows:
 a. Weekly: Every Wednesday from about 6:00 p.m. to Thursday at 7:00 p.m. (overnight).
 b. Weekends: Every other weekend from Friday at about 3:00 p.m. to 5:00 p.m. on Sunday.
5. MOTION FOR EXCLUSIVE POSSESSION: Granted to the plaintiff. CT Page 944 The defendant has voluntarily moved out of the marital home. Since that time, the plaintiff and the child have occupied the home. The court finds it is in the best interests of the parties that the marital home be exclusively occupied by the plaintiff and the child.
ROMEO G. PETRONI, JUDGE